UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 24-234 |
| v. | ORDER FOR CONTINUANCE |
| PATRICK SCHMITZ a/k/a "William Gibson" a/k/a "PapaLegba" | |

This matter having come before the Court on the joint application of the United States, by Robert Frazer, United States Attorney for the District of New Jersey (Andrew Kogan, Assistant U.S. Attorney, appearing), and defendant Patrick Schmitz (Alexei Schacht, Esq., appearing), for an order granting a continuance of proceedings in the above-captioned matter; and the defendant being aware that he has the right to have this matter brought to trial within 70 days of the date of his appearance before a judicial officer of this court pursuant to 18 U.S.C. § 3161(c)(1); and the defendant having consented to such continuance and having waived such right; and for good cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case is an unusual or complex case within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), in light of the amount of the electronic evidence involved such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within 70 days.

2. The discovery in the case is expected to be voluminous, consisting of, among other things, approximately forty electronic devices and significant information obtained pursuant to search warrants, and additional time is necessary to ensure that, taking into account the exercise of diligence, defense counsel have sufficient time to review and inspect discovery and further investigate the charges in this matter.

3. The parties also seek additional time to engage in plea negotiations, which, if successful, would render a trial in this matter unnecessary.

4. The parties have not had sufficient time to meet and confer with regard to a scheduled for discovery and inspection and for pretrial motions following the defendant's extradition to the United States which occurred with minimal advanced notice, including due to the attorneys' schedules (including out of the country travel).

5. As a result of the foregoing, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(ii) and (iv), the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS, therefore, on this _____ day of May, 2026,

ORDERED that this action be, and hereby is, continued until October 31, 2026; and it is further

ORDERED that the period from the date of this order through October 31, 2026 be and it hereby is excluded in computing time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*; and it is further

ORDERED that within thirty from the date of this Order, that is, on or before _____, the Government and the Defendant shall take the actions described in paragraphs 2 through 6 of the Court's Standing Order for Criminal Trial Scheduling and Discovery

_____
Honorable Reneé Marie Bumb
United States District Judge


Consented to as to form and entry:

_____
ANDREW KOGAN
Assistant U.S. Attorney

_____
ALEXEI SCHACHT
Counsel for defendant